## MANSFIELD GAS COMPANY *v.* PARKHILL.

### Opinion delivered October 5, 1914.

OIL AND GAS—LEASE—IMPLIED COVENANT—NOTICE BY LESSOR.—In every oil and gas lease a covenant is implied that the lessee will prosecute a diligent search and operation, and when the only consideration for the lease is a royalty, a failure on the part of the lessee to commence operations for a period of ten years will be held to be an abandonment, and the lessor may have the lease cancelled, even though he has failed to notify the lessor of his intention to have the lease cancelled.

Appeal from Sebastian Chancery Court, Greenwood District; *J. V. Bourland,* Chancellor; affirmed.

*Geo. F. Youmans,* for appellant.

No brief filed for appellee.

McCULLOCH, C. J. The plaintiff, W. T. Parkhill, owns a tract of land in Sebastian County, Arkansas, and instituted against the defendant an action in the chancery court of that county to cancel a gas and oil lease executed to defendant in the year 1901 by plaintiff's grantor. The case was heard by the chancellor upon the pleadings and depositions of witnesses, and the chancellor rendered a decree in plaintiff's favor, from which the defendant has prosecuted an appeal.

The lease in question, executed by the plaintiff's vendor, granted the defendant the exclusive right to mine and bore for gas and oil, and lead, zinc, iron, coal and other minerals, for a period of fifty years, the consideration being the nominal sum of one dollar cash in hand paid,

and the agreement to pay the lessor a royalty of 5 per cent of the value of all mineral mined from the land, and 3½ per cent of the value of gas and oil obtained. The lease contained a stipulation to the effect that the lessee should begin work toward prospecting on and developing the lands described in the lease, "or other lands within four miles of these above described within the period of one year from date;" but contained no other provision concerning the time when the operation should begin on the land thus leased. The testimony showed that within the time named above, defendant began operation on other lands within four miles of plaintiff's land in question. Nothing was done by defendant toward prospecting or operating the land in question of the plaintiff, and this action was begun in April, 1912, to cancel the lease.

The reason assigned by the president of defendant company for not prospecting this land and boring wells was that there was not sufficient market for gas flowing from wells bored on other lands owned by the company, and that the company was waiting for a market for its gas before developing wells on plaintiff's land. The president of the company testified that in September, 1911, he heard that plaintiff had purchased the land in question, and that he sought the latter for the purpose of making a change in the method of payment of royalty. The evidence showed that after some negotiations between the parties looking toward the new arrangement about the payment of royalties, the negotiations were broken off without anything being accomplished, and plaintiff then instituted this action.

The law of the case is fully laid down by this court in the case of *Mansfield Gas Co.* v. *Alexander,* 97 Ark. 167, which was similar to the present case in all the essentials. The court there quoted with approval from Mr. Thornton, in his work on The Law Relating to Oil and Gas, section 127, as follows: "It is an implied covenant in every oil and gas lease that a diligent search and operation will be prosecuted. And where the only consideration was the royalty, a failure on the part of the lessee to

commence operations for eight months was held to be an abandonment.''

The lease in that case was precisely the same as the lease in the present case, and the only difference in the facts is that in the former case the lessor made an express demand upon the lessee to begin development of the land, and the latter failed to do so. In the present case, there was, according to the evidence, complete inactivity on the part of both parties to the lease for a period of more than ten years. We are of the opinion that this distinction does not take it out of the operation of the rule laid down in the former decision; for, according to the law, there stated, it is incumbent upon the lessee to begin operations within a reasonable time; and the fact that the lessor failed to make demand did not deprive him of the right to take advantage of the forfeiture brought about by inactivity during an unreasonable length of time. Nothing was required of the lessor by the terms of the contract, and nothing short of some affirmative act leading the lessee to rely upon the continued subsistence of the contract would deprive him of the right to take advantage of the forfeiture brought about by the inactivity of the lessee.

In the case cited above, we said: ''According to the uniform holding of the authorities, the law will read into this lease a covenant on the part of the lessee that it will with due and proper diligence search the land described in the lease for minerals and will with due and proper diligence develop the same. This implied covenant is in effect a condition upon which the lease was made; a failure or refusal to perform that condition results in a forfeiture of the lease.''

Since we find that the law of the case has already been decided by the former case, it follows that the decree of the chancellor must be affirmed, and it is so ordered.