## DALY v. LONG.

(Circuit Court of Appeals, Ninth Circuit. June 18, 1923.)

No. 3988.

1. **Mines and minerals ⬥83—After delay by consent, held contract for development of claims could not be forfeited by further delay without prior demand for performance.**

Where the parties to a contract for the development of mining claims, which provided for forfeiture of the contractor's rights thereunder for nondevelopment, had by consent postponed the time for performance from time to time for more than two years, the rights of the contractor thereunder could not be forfeited for future delay, without a demand for performance and reasonable opportunity to perform first having been given.

2. **Mines and minerals ⬥58—Contract for developing claims held valid in law.**

Even though a contract for the development of mining claims owned by one party thereto is of a nature which cannot be specifically performed in equity, it is valid in law, and will not be forfeited by equity in a suit to quiet title to the mining claims, where the contractor was not required, after consent to previous delay, to perform within a reasonable time.

Appeal from the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Suit in equity by J. W. Daly aginst C. W. Long. Decree for defendant, and plaintiff appeals. Affirmed.

William Healy, of Boise, Idaho, for appellant.

J. H. Richards, Oliver O. Haga, McKeen F. Morrow, and J. L. Eberle, all of Boise, Idaho, for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This was a suit to quiet title. The plaintiff is the owner of a group of unpatented mining claims in the state

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of Idaho. On the 20th day of June, 1918, he entered into an agreement with the defendant for the development of these claims on joint account. The substance of that agreement is as follows:

At the time the agreement was entered into there was a shaft 50 feet deep in the main tunnel on the properties, and the parties agreed that they would sink this shaft another 50 feet, so as to make a level at a depth of 100 feet below the main tunnel; that at this level they would cross-cut to the vein and drift 50 feet each way along the vein; that they would then sink the shaft an additional 100 feet, and again cross-cut to the vein and drift along the vein in the same manner, to the same distance; that each party would do, or cause to be done, one-half the development work and bear one-half the cost of materials, tools, machinery, equipment, and supplies; that if either party failed to perform, or cause to be performed, his part of the work, or to furnish his part of the materials, tools, machinery, equipment, and supplies, the other party might perform and furnish the same at the expense of the party in default; that the defendant would begin work not later than October 1, 1918, unless prevented by unforeseen and unavoidable contingencies, in which event the time of commencement was extended until October 1, 1919; that the fiscal year for development work would begin October 1 of each year, and that at least six months of development work should be done during the year; that if the defendant, after proper demand from the plaintiff, should make default, all his rights under the contract should be forfeited and at an end; and that upon full and complete performance of his part of the contract the defendant should be entitled to a deed, which had been placed in escrow, for an undivided one-half interest in the several claims.

This agreement constituted the cloud which the plaintiff sought to have removed from the title to his property. The court below dismissed the complaint, and the plaintiff has appealed.

After the execution of the contract in question, little was done by either party. Numerous letters passed between them, but a review of their contents would serve no purpose. Suffice it to say that the commencement of development work was delayed from time to time, sometimes at the instance of one party, and sometimes at the instance of the other. It is now conceded that the delay until October 1, 1920, was by mutual consent, and of this delay neither party is complaining or can complain.

[1] After such a course of conduct, it is almost needless to say that neither party to the contract could forfeit the right of the other, without a demand for performance and reasonable opportunity to perform. This is not only the rule in equity, but it is an express provision of the contract between the parties. No such demand was made in this case, and no such opportunity was given. It is suggested in the brief that the discovery of ore in or near these claims underlies the present desire of the appellee to perform his part of the contract; but perhaps the same consideration underlies the desire of the appellant to end it.

[2] It is further claimed on the part of the appellant that a contract of this nature will not be specifically performed in equity. We

are not now concerned with that question. The contract is at least valid in law, and should not be canceled on the admitted facts before us.

The decree of the court below is therefore affirmed.