STANDARD OIL COMPANY OF LOUISIANA *v.* GILLER.

Opinion delivered May 4, 1931.

*T. M. Milling*, and *Gaughan, Sifford, Godwin & Gaughan*, for appellant.

*J. K. Mahony, H. S. Yocum, W. T. Saye,* and *J. N. Saye,* for appellee.

HUMPHREYS, J. This is an appeal from a decree of the chancery court of Union County, Second Division, cancelling an oil and gas lease on the undeveloped portion of the southwest quarter of the southeast quarter of section 11, township 16 south, range 15 west, in said county, upon the south half and the northeast quarter of said 40-acre tract on the ground that appellant had failed to explore, develop and produce oil therefrom. Appellant acquired the lease on the forty-acre tract from the Humble Oil & Refining Company, which acquired same by assignment from J. R. Crawford, the original lessee from appellant of a 440-acre tract in a body, of which this 40-acre tract was and is a part. J. R. Crawford acquired the lease on the whole tract in the year 1922 for the consideration of $12,500 cash, $22,500 from the sale of one-half of the first oil produced, and thereafter an equal one-eighth part of all oil produced and saved from said premises and one-eighth of the net proceeds of the gas used off of said premises or marketed by the lessee.

This court is firmly committed to the doctrine that, in any oil and gas lease in which royalties constitute the chief consideration, an implied covenant exists on the part of the lessee to explore the property with reasonable diligence, so as to produce oil and gas in paying quantities upon the entire tract. Especially is this true after either or both commodities has or have been discovered on any part of the tract. The reason is that oil and gas are of a wandering and vagrant character in

their natural state. *Mansfield Gas. Co.* v. *Alexander*, 97 Ark. 167, 133 S. W. 837; *Mansfield Gas Co.* v. *Park Hill*, 114 Ark. 419, 169 S. W. 957; *Mauney* v. *Miller*, 150 Ark. 161, 234 S. W. 498; *Murdock* v. *Sure Oil Co.*, 171 Ark. 161, 283 S. W. 4; *Hughes* v. *Cordell*, 174 Ark. 757, 296 S. W. 735; *Drummond* v. *Alphin*, 176 Ark. 1052, 4 S. W. (2d) 942; *Ezzell* v. *Oil Association, Inc.*, 180 Ark. 802, 22 S. W. (2d) 1015. In the case of *Ezzell* v. *Oil Associates, supra,* this court formulated a rule as a guide for the lessee in the performance of his implied covenant to explore, develop, and produce oil and gas upon the leased premises, and, in doing so, used the following language:

"Of course, due deference should be given to the judgment of the lessee as operator to determine how many wells should be drilled, but he must use sound judgment in the matter and cannot act arbitrarily. He must deal with the leased premises so as to promote the interest of both parties and to protect their mutual interests. He must act for the mutual advantage and proceed for both of them, and must not consider his own interest wholly or for the most part. He must perform the contract so as to further the original purpose and intention of the parties."

It appears from the record herein without dispute that the Humble Oil & Refining Company drilled one well in the northwest corner of the forty-acre tract in June, 1924, which initially produced ninety barrels of oil per day and is still producing eighteen or twenty barrels per day; that 108,931.56 barrels of oil altogether had been produced from the well at the time of the trial, of the value of $94,206.38, one-eighth of which had been paid to appellee as royalty; that, although appellee requested it to drill additional wells thereon, it assigned the lease to appellant on the 29th day of June, 1929, without having done so; that, after the assignment of the lease to appellant, appellee made three written demands and several oral requests to its officers to drill additional wells, even threatening to bring suit for abandonment of

the lease unless it would do so; that appellant refused to comply with the demands and requests of appellee and told her to bring the suit for abandonment if she wanted to. The record also discloses by a preponderance of the testimony that in the Smackover Oil Field, in which the forty-acre tract covered by the lease is located, one well will drain the oil from only ten acres surrounding it, and it is impossible for one well in the corner of a forty-acre tract to produce all the oil therefrom; that the probabilities are oil will be found in commercial quantities under the entire tract if explored.

In the light of this testimony, the duty clearly rested upon appellant, under the rule announced in the Ezzell case, *supra,* to make further exploration in order to discover and produce the oil on the entire tract. It refused to proceed with further exploration or development and thereby forfeited or abandoned its privilege to do so.

Appellant contends, however, that, in view of the large production of oil from other lands contained in the 440-acre tract, transferred to various assignees, no part of the 440-acre tract should be treated as forfeited and abandoned for failure to explore and develop same. There might be merit in the contention if appellant had been the assignee of the lease upon the whole tract and if it had drilled all the producing wells thereon. It appears from the record that several assignees of the various parts of the 440-acre tract had drilled twenty-six wells, twenty-five of which had produced, at the time of the trial, $180,000 in royalties for appellee. We do not understand that appellant can justify his failure to carry out the implied covenants in the lease on account of the large recoveries of oil from certain parts of the land assigned to others. This identical question has been decided against appellant's contention by the Court of Appeals of Texas in the following cases: *Cox* v. *Sinclair Gulf Oil Co.,* (Tex.) 265 S. W. 196; *Sinclair Oil & Gas Co.* v. *Bryan,* (Tex.) 291 S. W. 692; *Fisher* v. *Crescent Oil Co.,* (Tex.) 178 S. W. 905. In deciding this point, the Court of Appeals of Texas said:

"If an oil and gas lease covering several tracts is assigned to different assignees, and the assignee of one tract obtains production, and the lessee and other assignees benefit thereby, each from that time must depend on his own conduct and acts of exploration and drilling for a compliance with the implied covenants, and can receive no help from the other segregated owners if he has failed to perform the measure of development required of him."

We think the rule thus announced a just and reasonable rule and should be applied to the facts in the instant case.

No error appearing, the decree of the chancellor is in all things affirmed.

KIRBY, J., dissents.