SMART *v.* CROW.

4-9698                                    246 S. W. 2d 432

Opinion delivered February 25, 1952.

*Keith & Clegg,* for appellant.

*McKay, McKay & Anderson,* for appellee.

ROBINSON, J. Appellants are the lessors and appellees are the lessees in an oil and gas lease covering 150 acres of land in the southwest quarter of Section 12, Township 15 South, Range 20 West, Columbia County, Arkansas. Appellants filed suit asking for cancellation of the lease on four ten-acre tracts in the quarter-section, alleging that appellees have. not exercised reasonable diligence in development of the property for production of oil.

There are now 12 producing wells on the 150 acres, but, there are four ten-acre tracts therein on which no wells have been drilled. Rules of the Oil and Gas Commission permit a well on each 10 acres. The lease was made in 1938; the last well to be developed was in 1945. Appellees are owners of the lease on the entire 150 acres.

Appellees contend that the 12 producing wells are so located that practically all of the oil will be recovered, that could be recovered, even if four additional wells were drilled; that they have been reasonably diligent in developing the property for oil both as to their interest and the interest of the lessors.

To sustain their allegation that appellees have failed and neglected to develop fully the leased premises, plaintiffs, Lester Smart, G. C. Smart, and R. F. Smart, who were all the witnesses produced by the plaintiffs, testified as to the location of the wells on the property here involved and on the property adjacent thereto. From this testimony, there is a reasonable inference that the drilling of a well on each of two of the four ten-acre tracts would be beneficial to the lessors and lessees. On the other hand, L. M. Crow, a geologist, and W. C. O'Ferrill, one of the lessees, who has had 30 years experience in drilling oil wells, testified that, in their opinion, the 12 producing wells now located on the 150 acres will eventually recover practically all the oil obtainable from the entire 150 acres.

The Chancellor held that the development had been reasonable as to two of the ten-acre tracts on which the appellants ask cancellation of the lease. On property adjacent to the four sides of one of these two tracts are wells belonging to parties to the lease. The other ten-acre tract, as to which the Chancellor held the development had been reasonable, has wells, belonging to the parties here involved, on three sides adjacent thereto— the north, east, and south—and there is substantial evidence to the effect that the oil will drain to the east. The Chancellor gave the appellees 60 days to commence a well on the third ten-acre tract and 20 days after the completion of the drilling operation on such tract to start a well on the fourth tract.

On appeal appellants contend that the lease should be cancelled on the four ten-acre tracts. The appellees have not appealed from the order requiring them to commence a well on each of two tracts within the prescribed time. There is no disagreement between the

parties as to the law. The issue involved is a question of fact as to whether appellees have been reasonably diligent in developing the property for the mutual benefit of the lessors and lessees. The Chancellor's holding was to the effect that the development as to two of the tracts was reasonable in view of the location of the 12 producing wells in the quarter-section, but there was a reasonable doubt, and an honest and *bona fide* difference of opinion between the parties as to the necessity of drilling a well on the two north ten-acre tracts in order to obtain maximum benefits for all parties to the lease, and that it would not be inequitable to require wells to be drilled on the two tracts as heretofore mentioned.

The law is well established in this State that where royalties constitute the chief consideration for an oil and gas lease, as in this case, an implied covenant exists on the part of the lessee to explore the property with reasonable diligence so as to produce oil and gas in paying quantities upon the entire tract. *Standard Oil Co. of Louisiana* v. *Giller*, 183 Ark. 776, 38 S. W. 2d 766.

The lessee must act for the mutual advantage of both the lessor and lessee, and must consider not only his interest but, also, the interest of the lessor. He must perform the contract so as to further the original purpose and intention of the parties. *Ezzell* v. *Oil Associates*, 180 Ark. 802, 22 S. W. 2d 1015. However, in the Ezzell case, the court said: "Of course, due deference should be given to the judgment of the lessee as operator to determine how many wells should be drilled, but he must use sound judgment in the matter and cannot act arbitrarily. He must deal with the leased premises so as to promote the interest of both parties, and to protect their mutual interests."

It must be remembered that here the appellees own the lease on the entire 150 acres. In *Standard Oil Co. of Louisiana* v. *Giller, supra,* we said: "Appellant contends, however, that, in view of the large production of oil from other lands contained in the 440-acre tract, transferred to various assignees, no part of the 440-acre tract should be treated as forfeited, and abandoned for failure to

explore and develop same. There might be merit in the contention if appellant had been the assignee of the lease upon the whole tract and if it had drilled all the producing wells thereon.'' In the case at bar the appellee is the assignee of the lease upon the whole tract and has drilled all the producing wells.

In the case of *Poindexter* v. *Lion Oil Refining Company,* 205 Ark. 978, 167 S. W. 2d 492, the lessee oil Company refused to drill wells on the property involved although the property was adjacent to other lands that had producing wells. The defendant oil Company contended that it was not bound under the circumstances to drill on the lease and could hold the lease by merely paying the delay rentals. This court held against the contention of the oil Company, but said that since the case was one of first impression so far as the specific point involved was concerned, it was fair and equitable to give the oil Company 6 months in which to commence drilling.

In the case at bar, the lessees have developed 12 producing wells on the 150-acre tract. They are oil producers of experience, having developed 68 producing wells in the Smart Field, where the tract here involved is located, and, in view of the fact that it appears to be their honest opinion that the 12 wells would recover practically all the oil obtainable from the entire 150-acre tract, it is not inequitable to allow them the time prescribed by the Chancellor to commence wells on the two ten-acre tracts heretofore mentioned.

The Chancellor's finding in this respect and the finding that the development has been reasonable as to two of the ten-acre tracts are based on the evidence in the case. From a review of the record we cannot say the Chancellor's holding is contrary to a preponderance of the evidence. The decree is therefore affirmed.