Mary GUINN et al., Appellants,

v.

W. J. CLAY, Appellee.

No. 6859.

Court of Civil Appeals of Texas.

Amarillo.

April 27, 1959.

Rehearing Denied May 25, 1959.

covering, respectively, Sections 86 and 76 and the West one-half of Section 77 in Block 12, H & G N Ry. Co. Survey, Collingsworth County, Texas. The petition was in two counts, the first being in trespass to try title, alleging that plaintiff owned the lessee interest and that defendants owned the lessor interest, and the second count alleging that the leases were still in full force and effect and asking the court to declare the same in full force, and in the alternative, alleging that if the plaintiff was in default in not drilling to 3,000 feet, that the court fix a reasonable time for the drilling of a well on each of the three leases to 3,000 feet or the granite shelf, and if not, that the court find that no damages had accrued to the appellants by virtue of the bringing in of commercial gas wells at a lesser depth, that the court fix the damages for such failure, and further that no damages had in fact accrued, and finally, that in the event the court found that the plaintiff was in default, that he be allowed the reasonable cash value of his having drilled the three commercial gas wells on the said leases.

The appellants sought to have the leases declared forfeited and cancelled because the appellee failed to drill the wells to a depth of 3,000 feet or to the granite shelf as provided for in the leases.

Trial was to the court without a jury and judgment was rendered in favor of the appellee that such leases were presently in full force and effect and that appellee was in rightful possession with authority to operate such leases. From that judgment the appellants perfected this appeal.

Guinn & Guinn, El Paso, R. L. Templeton, Wellington, for appellants.

Lattimore & Lattimore, Fort Worth, C. C. Bishop, Wellington, for appellee.

NORTHCUTT, Justice.

This is an action to determine whether the appellee was entitled to have certain oil and gas leases declared in full force and effect with the right to possession with authority to operate such leases or whether the appellant had the right to have such leases declared forfeited and cancelled.

Appellee sued appellants regarding three leases executed by appellants to appellee,

Under this record the sole question to be determined is whether these leases should be cancelled because of the fact that the appellee did not drill these wells to the depth of 3,000 feet or until the granite shelf was reached. These leases provided: "The lessee agrees to drill an oil or gas well in an orderly fashion and at a normal rate to the depth of 3,000 feet or until the

granite shelf is reached." It is admitted that neither of the wells was ever drilled to the depth of 3,000 feet nor the granite shelf. It is also admitted that appellants never at any time requested the appellee to continue to drill the wells to the depth of 3,000 feet or to the granite shelf. It is undisputed that appellee drilled a gas well in paying quantities upon each of the leases but until just recently there was no way of marketing this gas. Appellee paid the shut-in royalty for two years and tendered the third year, but appellants refused to accept the third year payment contending they never knew until then that appellee had not completed with drilling the wells to the depth of 3,000 feet or to the granite shelf.

It is so well established in this state that equity abhors a forfeiture that we think it unnecessary to cite any authorities to that effect. When the leases provided that the appellee was to drill an oil *or* gas well (emphasis ours) to a depth of 3,000 feet or until the granite shelf was reached, without some reason being shown appellants were harmed by failure to so drill, it would seem to be a useless thing to require appellee to drill further when he had completed the gas wells in paying quantities and, under this record, we think appellee had little hope of recovering oil but recognized the approximate depth to reach gas.

Here we have a condition where the appellants have never requested the appellee to drill deeper or to the granite shelf but have appellee's saying although the leases have been complied with by producing the gas wells in paying quantities, if we are in error—we are willing to drill the wells to the 3,000 feet depth or to the granite shelf if the court thinks it should be done under the terms of the leases. Appellants are unwilling to permit the appellee to comply with that provision because it was not done long ago and here seeks to have the leases cancelled and do not in any manner offer to do equity. Judge Hickman stated in the case of Hoover v. General Crude Oil Co., 147 Tex. 89, 212 S.W.2d 140, 143:

"The relation between parties to this litigation, though not strictly analogous to that existing between a vendor and a purchaser under an executory contract for sale of land, is comparable thereto in so far as it relates to the question here for decision. If in such case a vendor by his own conduct creates a situation in which a summary declaration of a forfeiture would be unjust to the vendee, then a court of equity will require that the vendor notify the vendee of his intention to forfeit the contract if payment is not made within a reasonable time before a valid forfeiture may be declared. Tom v. Wollhoefer, 61 Tex. 277; Thompson v. Robinson, 93 Tex. 165, 54 S. W. 243, 77 Am.St.Rep. 843; West Lumber Co. v. Henderson, Tex.Civ. App., 238 S.W. 710. The question is annotated in 107 A.L.R. 345. That rule has been applied in cases involving oil and gas leases. Wisdom v. Minchen, Tex.Civ.App., 154 S.W.2d 330, Error Refused, Want of Merit; New American Oil & Mining Co. v. Troyer, 166 Ind. 402, 76 N.E. 253, 77 N.E. 739; Daly v. Long, 9 Cir., 290 F. 187; Campbell v. Rock Oil Co., 7 Cir., 151 F. 191; Thornton, Oil and Gas, Vol. II, p. 519; 31A Tex.Jur., secs. 194, 195. This case falls well within that general rule.

"Respondent will not be heard to assert its right to declare a forfeiture up to the time it negotiated with petitioners for the development of the lease in February, 1945. Petitioners had the right to assume that they could negotiate for the development of the lease. They exercised that right and entered into such negotiations with Phillips Petroleum Company, and it would be manifestly inequitable for the respondent suddenly to turn about and declare a forfeiture, without notice

and without giving them a reasonable time within which to comply with the requirements of the lease. The declaration of forfeiture made for the first time in respondent's fourth amended original answer amounts to no declaration at all, since the lease was in litigation and respondent was contesting its validity."

This provision here in question as to drilling to the depth of 3,000 feet or to the granite shelf is not a condition subsequent with apt language in the leases providing that failure to so drill would operate to destroy the leases and reinvest them in appellants. If appellee, under the terms of the leases, was compelled to drill to the depth of 3,000 feet or to granite shelf regardless of the fact he had secured the gas at a lesser depth it would be a promise upon which the leases were executed and a breach thereof would give the appellants a right of action for damages together with the right to charge the leases with the lien therefor, but does not give the right of cancellation.

■ A condition subsequent, attached to land without apt language, has the effect upon the breach thereof of reinvesting the grantor with a full title. Here no demand has been made upon appellee by appellants to drill the wells to the depth of 3,000 feet or to the granite shelf, so that appellee would be called upon to grant or refuse to so drill. Such agreement is a covenant, in absence of language of making it a condition. The remedy therefore in the event of a breach was to ascertain the amount of damages and enforce the judgment as a lien on the leases. Cancellation is not the remedy, even though there was a total failure to drill the wells to a depth of 3,000 feet or to the granite shef, unless such agreement was expressly made a condition subsequent in the covenant itself, or unless the promise was fraudulently made at the time with no intention of carrying it out. For the reasons above stated we overrule appellants' points of error. Judgment of the trial court is affirmed.