**D. F. SAUNDERS et ux., Appellants,**

v.

**ALAMO SOIL CONSERVATION DISTRICT et al., Appellees.**

**No. 15653.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 15, 1976.

Rehearing Denied Jan. 12, 1977.

Earle Cobb, Jr., Cobb, Thurmond & Bain, San Antonio, for appellants.

Ralph Brown, Harvey L. Hardy, San Antonio, for appellees.

CADENA, Justice.

This is an appeal by plaintiffs, D. F. Saunders and wife, Pauline Ruth Saunders, from a summary judgment rendered in favor of defendants, Alamo Soil Conservation District and San Antonio River Authority (SARA), denying plaintiffs' recovery for damages allegedly done to their land as a result of the activities of defendants.

Plaintiffs alleged that on February 1, 1962, defendants "entered into a contract with Plaintiffs for an easement over Plaintiffs' property," and that such easement expired "by its own terms on February 1, 1967, for the reason that no improvements had been made on Plaintiffs' property, and the improvements which were promised on Plaintiffs' property and adjacent Plaintiffs' property were not made." In the alternative, plaintiffs alleged that if the easement had not expired by its own terms, "said easement is null and void for failure of consideration and fraud."

The next paragraph of the petition alleges that defendants, for the two years preceding the filing of plaintiffs' petition "and currently are flooding Plaintiffs' property and otherwise depositing trash and other harmful substances upon Plaintiffs' property." This was followed by the allegation that such acts "constitute a wilful trespass and have resulted in damage to Plaintiffs' property in the sum of" $120,000.00.

There follows a paragraph alleging that defendants made material misrepresentations and false promises "in connection with real estate," which "induced Plaintiffs to sign a contract" to their damage and that, under the provisions of Article 27.01 of Tex. Bus. and Comm.Code Ann. (1968), plaintiffs are entitled "to recover their damages together with doubled exemplary damages and attorney's fees."

In addition to general and specific denials, defendants' answer included pleas of limitations and laches and alleged that all improvements contemplated by the easement contract were completed in 1966, prior

to expiration of the five-year period specified in the instrument.

Both plaintiffs and defendants filed motions for summary judgment. The trial court denied plaintiffs' motion and rendered summary judgment in favor of defendants. Plaintiffs complain only of the action of the trial court in granting defendants' motion for summary judgment.

At the outset, we reject plaintiffs' second point of error, which asserts that the trial court erred in holding as a matter of law that plaintiffs' cause of action for damages resulting from defendants' negligence subsequent to August 28, 1973, is barred by the statute of limitations. Nowhere in plaintiffs' pleadings is there any allegation of negligence on the part of defendants.

The only relief sought by plaintiffs is recovery of damages. Their first ground of recovery is clearly in the form of an action for "wilful" trespass. The second ground of recovery is based on material misrepresentations and false promises by which they were induced to sign a contract "in connection with real estate."

The "trespass" theory rests on two assumptions. (1) Defendants acquired no rights under the contract since the contract was "null and void" because of fraud and failure of consideration. (2) The easement automatically terminated because the promised improvements were not commenced within five years after February 1, 1962, the date of execution of the easement contract.

■ Assuming the existence of fraud, it is well settled that fraud does not render the agreement tainted by the fraud "void." The transaction is merely voidable until the defrauded party initiates appropriate action to obtain relief. 25 Tex.Jur.2d, Fraud and Deceit § 10, p. 624.

■■ A suit to set aside an instrument on the ground that its execution was induced by fraud is governed by the four-year statute of limitations, Article 5529, Tex. Rev.Civ.Stat.Ann. (1958). Limitations begin to run from the date the fraud is discovered or from the date when, in the exercise of reasonable diligence, the fraud should have been discovered. *McMullen Oil and Royalty Co. v. Lyssy*, 353 S.W.2d 311 (Tex. Civ.App.—Austin 1962, no writ). Here, where the alleged fraud consists of defendants' failure to commence the promised improvements within five years after the execution of the easement contract, it is clear that the breach alleged to constitute fraud should have been discovered on February 1, 1967, after the expiration of the five-year period. Suit was not filed until August 28, 1975, more than eight years later. The record establishes as a matter of law that plaintiffs' action for rescission or cancellation based on fraud was barred by limitations.

■ The contention that the easement contract was not supported by consideration is untenable. Plaintiffs' whole theory is that the instrument imposed on defendants an obligation to commence construction of the improvements within the specified time. This obligation could arise only as the result of a promise, express or implied, by defendants to perform such obligation. This is clearly sufficient consideration. 13 Tex. Jur.2d, Contracts § 51.

The trial court did not err in concluding that the rights acquired by defendants under the easement contract did not terminate automatically.

In their brief, plaintiffs point out that they alleged and filed an affidavit to the effect that the "works" which defendants were obligated to commence within the five-year period, included "a recreational lake, . . . a park area and clubhouse" adjacent to the lake. Plaintiffs' pleadings contain no such allegations. The petition merely recites that no improvements had been made on plaintiffs' property, "and the improvements which were promised on Plaintiffs' property and adjacent Plaintiffs'

property were not made." However, the affidavit filed by plaintiff, D. F. Saunders, does aver that, prior to the execution of the contract, a representative of SARA orally represented that the recreational lake, park area, and clubhouse would be constructed.

Assuming, for the purpose of determining the propriety of the summary judgment in favor of defendants, that the oral representations were made, there is no basis for plaintiffs' contention that the contract terminated automatically because of defendants' failure to construct, or commence construction of, the recreational lake, park area, and clubhouse within the specified period.

The easement contract contains no reference to a recreational lake, park area, or clubhouse. The defeasibility clause speaks of failure to commence "the above-described works of improvements" within five years from the date of execution of the instrument. The term "works of improvement above-described" necessarily refers to the works described in the instrument. It is not possible to extend the clause to include works not described in the instrument. The failure to commence construction of works not described in the instrument cannot constitute a breach of the condition.

▬▬ The instrument contains a recital of consideration received and language creating a promissory consideration. A recital or acknowledgment of consideration received is no more than a statement of fact which may be contradicted by parol evidence. *State v. Keeton Packing Co.*, 487 S.W.2d 775 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). But it is not permissible to prove by parol additional consideration in the form of promises not contained in the instrument. The instrument here states a promissory consideration and appears to have been intended as an all-embracing expression of the transaction. In such a case, even if parol promises not contained in the writing formed part of the inducement for the execution of the instrument, parol proof of such promises cannot be relied on for the purpose of enlarging the promises contained in the instrument. See *Chalk v. Daggett*, 257 S.W. 228, 230 (Tex.Com.App.1924); 2 McCormick & Ray, Texas Law of Evidence §§ 1613, 1633 (1956).

It must be concluded that there is no possibility of reading the alleged oral promises into the provisions for defeasance. Necessarily, then, the breach of the oral promises cannot constitute a breach of the condition.

Even if it be assumed that a breach of the condition occurred, plaintiffs' contention that such breach automatically terminated the easement is without merit.

In order for the occurrence of the condition (failure to commence construction within the specified time) to bring about an automatic termination of defendants' interest without any action on the part of plaintiffs, the defeasance clause must be construed as creating a special limitation of the interest conveyed. However, we agree with plaintiffs when, in their brief, they characterize the clause as creating a condition subsequent rather than a special limitation.

In their pleadings, plaintiffs speak of the failure of defendants to make the "promised" improvements, and in their brief they complain of the trial court's action in summarily denying their claim for damages based on breach of contract. If, as plaintiffs insist, the instrument imposed a duty on defendants to commence construction within five years, the provision in question cannot be characterized as a special limitation, since a thing that a grantee is under a duty to do cannot constitute the subject matter of a special limitation. Since the instrument imposes on the grantees an obligation to see to it that the stated condition does not occur, it must be construed as creating a condition subsequent. Walker, The Nature of the Property Interests Cre-

ated by an Oil and Gas Lease in Texas, 8 Texas L.Rev. 483, 487–90 (1930).

 In order to terminate the grantee's interest because of the breach of a condition subsequent, it is essential that the grantor reenter or take equivalent action. This requirement of affirmative action by the grantor is not dispensed with by the fact that the clause embodying the condition subsequent contains language to the effect that the interest of the grantee shall automatically revert to the grantor in case of breach of the condition. *McCarthy v. City of Houston*, 389 S.W.2d 159 (Tex.Civ. App.—Corpus Christi 1965, writ ref'd n.r. e.); 1 Restatement, Property § 45, comment m (1936).

Plaintiffs call to our attention the following statement found in 19 Tex.Jur.2d, Deeds § 194, p. 521: "A condition subsequent, attached to land with apt language, has the effect upon the breach thereof of reinvesting the grantor with a full title." This statement is taken from *Guinn v. Clay*, 324 S.W.2d 254, 257 (Tex.Civ.App.—Amarillo 1959, writ ref'd n.r.e.), which involved neither a special limitation nor a condition subsequent, but a covenant. It appears that the Court in *Guinn* was, perhaps, differentiating between a condition precedent and a condition subsequent, and did not have in mind the distinction between a special limitation and what is technically known as a condition subsequent insofar as the former creates a possibility of reverter while the latter creates a right of entry or power of termination. In any event, a statement to the effect that a condition subsequent ipso facto reinvests the grantor with title on its breach is an incorrect statement of the law. Loose judicial statements failing to distinguish between the two types of defeasance clauses are not uncommon and have been the subject of comment by various legal writers. 2 Powell, Real Property § 188, p. 54, n. 11 (1965 rev.).

If, because of the failure of plaintiffs to exercise their power of termination, the easement continued in existence, the acts complained of by plaintiffs cannot be characterized as trespasses. The record before us conclusively establishes the absence of a cause of action for trespass.

Plaintiffs allege no cause of action for damages based on the use of the easement for an unauthorized purpose or the misuse or excessive use of the easement.

Insofar as a possible suit for damages resulting from breach of contract is concerned, the breach, if any, occurred more than eight years prior to the time the suit was filed and the cause of action is clearly barred.

The cause of action for misrepresentations made in connection with a real estate transaction is also clearly barred. As already pointed out, the falsity of the misrepresentations was apparent more than eight years before this suit was filed.

The judgment of the trial court is affirmed.