ARKANSAS OIL AND GAS, INC. *v.*
DIAMOND SHAMROCK CORPORATION

83-250                              662 S.W.2d 824

Supreme Court of Arkansas
Opinion delivered January 16, 1984

*Dale S. Braden* and *Martin, Vater & Karr,* by: *Charles Karr,* for appellant.

*Warner & Smith,* by: *Joel D. Johnson* and *G. Alan Wooten,* for appellee.

JOHN I. PURTLE, Justice. Appellant petitioned the Chancery Court of Pope County, Arkansas, to declare a partial cancellation of an oil and gas lease. After a trial the court held that appellee was not in default and declared the lease to be valid.

For its appeal the appellant simply argues the court erred in failing to grant immediate partial cancellation of the lease. We do not find that the chancellor was in error.

On July 22, 1977, Dale Braden executed an oil and gas lease to Diamond Shamrock for lands located in Sections 5, 6, 7 and 8, T9N, R20W, Pope County, Arkansas. The lease was for the primary term of five years beginning on August 11, 1977. The lease contained a clause stating the lease would be extended ". . . as long thereafter as oil, gas or other mineral is produced from said land or gas is produced from a consolidated gas leasehold estate which includes all or any part of said land." On July 12, 1982, the appellee spudded a well on that part of the lease located in Sections 5 and 8. Sections 6 and 7 were not included in this drilling unit and no well was spudded on this portion of the lease prior to expiration of the 5-year lease. Two days after the primary lease period expired Dale S. Braden demanded that appellee commence and drill to completion a well on land located in Sections 6 and 7 or immediately release such land from the lease. Appellee replied, on August 20, 1982, that it would evaluate Powers #1-8 (the well on lands in Sections 5 and 8) with other wells in the area to determine the feasibility of drilling another well on Sections 6 and 7. Braden leased the lands in these two sections to Arkansas Oil and Gas on September 8, 1982, for a bonus consideration of $150 per net mineral acre plus 3/16 royalty. The original lease to appellee was for $10.00 per net mineral acre.

On October 17, 1982, appellant filed its petition for

declaratory judgment praying the lease as to land in Sections 6 and 7 be cancelled and it be awarded damages because appellee interfered with appellant's executive right to execute a new mineral lease with clear title. Subsequent to suit being filed by appellant the Powers #1-8 well was completed as a producer. Trial was held in the present case on February 17, 1983, and the chancellor found appellees were entitled to a reasonable time to develop the lease and that a reasonable time in this case would be until January 1, 1984. The court retained jurisdiction to enforce the order.

When royalties constitute the chief consideration for an oil and gas lease, there is an implied covenant that the lessee will explore and develop with reasonable diligence. *Smart* v. *Crow,* 220 Ark. 141, 246 S.W.2d 432 (1952). The duty to explore extends to the entire tract. *Byrd* v. *Bradham,* 280 Ark. 11, 655 S.W.2d 366 (1983). This duty especially applies when paying units have been drilled on parts of the tract. *Standard Oil Company of Louisiana* v. *Giller,* 183 Ark. 776, 38 S.W.2d 766 (1931). The lessee has the right to decide when and where to drill but he must not act arbitrarily. He should promote the interest of both parties. *Ezzell* v. *Oil Associates, Inc.,* 180 Ark. 802, 22 S.W.2d 1015 (1930). Reasonable diligence is the standard to be used in determining whether a lessee has breached the implied obligation to develop. *Byrd, supra* and *Ezzell, supra.*

There is no doubt but that failure to explore and develop is ground for cancellation of the lease under some conditions. *Smith* v. *Moody,* 192 Ark. 704, 94 S.W.2d 357 (1936). Production on part of the lease does not justify allowing the lessee to hold the balance of the leased lands indefinitely thereby denying lessor the right to lease to others. *Nolan* v. *Thomas,* 228 Ark. 572, 309 S.W.2d 727 (1958).

Obviously royalties constituted the chief consideration in the lease between appellee and Braden. Therefore, the appellee was under a duty to develop and explore with reasonable diligence. Here the first well was spudded during the primary period of the lease and the well developed into a producer. Appellee told the original lessor it was comparing

data and intended to drill another well. Suit to cancel the lease was filed shortly after the primary lease period expired and before production commenced on the well drilled on part of the lease. Braden, a lawyer, had considerable experience in dealing with oil and gas leases. We do not think the chancellor was clearly erroneous in finding that appellee would not breach the implied covenant to use reasonable diligence if it commenced drilling by January 1, 1984.

Affirmed.