ROBERSON ENTERPRISES, INC. and ROPPOLO PETROLEUM COMPANY *v.* MILLER LAND AND LUMBER COMPANY

85-149                                      700 S.W.2d 57

Supreme Court of Arkansas
Opinion delivered December 9, 1985
[Rehearing denied January 13, 1986.*]

---

* *Purtle, J., not participating.*

*Smith, Stroud, McClerkin, Dunn & Nutter*, by: *Hayes C. McClerkin* and *R. Bruce Lorenzen*, for appellant.

*Williams & Kemp*, by: *Karlton H. Kemp, Jr.*, for appellee.

DAVID NEWBERN, Justice. The appellee sought an order partially cancelling three oil and gas leases between it, as lessor, and the appellants, as lessees. The basis of the complaint was breach of alleged implied covenants of reasonable development of the mineral interests on portions of each of the leased lands. The chancellor found the implied covenants to exist and that there had thus far been no breach by the appellants. However, the chancellor ordered the appellants to execute a release on February 5, 1986, from the leases of the lands in question unless they had drilled a producing well or had begun continuous drilling operations on those lands.

The issues on appeal are (1) whether by finding the existence of the implied covenants in the leases the chancellor improperly "reformed the contracts" and (2) whether the chancellor, assuming the implied covenants were properly found, had the authority to enter a conditional order of partial cancellation of the leases having found no breach of the implied covenants at the time his order was entered.

We hold it was not error to find the implied covenants but that it was error to enter the conditional cancellation, and thus we modify the decree to omit the conditional cancellation order and affirm.

## 1. Reformation

While the appellants couch this allegation of error in terms of "reformation" which they contend was erroneous because there was no finding of fraud, mistake or trickery, we must conclude their real complaint is that it was error to hold there were implied covenants of reasonable development in the leases. A reformation occurs when the court determines an instrument does not reflect the terms intended by the parties to it and then revises the terms written in the instrument to reflect the intent of the parties. *Kohn* v. *Pearson*, 282 Ark. 418, 670 S.W.2d 795 (1984). The chancellor did not purport to revise the leases to incorporate or revise a negotiated term. Rather he found there were implied covenants requiring reasonable development of the mineral interests on the leased property. There is plenty of authority for finding such an implied covenant in any oil and gas lease in which royalties are to be the lessor's principal compensation. *Byrd* v. *Bradham*, 280 Ark. 11, 655 S.W.2d 366 (1983); *Smart* v. *Crow*, 220 Ark. 141, 246 S.W.2d 432 (1952). The appellants do not assert that the royalty provisions were not the principal compensation contemplated by these leases. It was thus proper for the chancellor to find the existence of the implied covenants to develop the mineral interests.

## 2. Conditional Cancellation

Cancellation of an oil and gas lease is an appropriate remedy when breach of the implied covenant of reasonable development is shown. *Nolan* v. *Thomas*, 228 Ark. 572, 309 S.W.2d 727 (1958). When this equitable remedy is sought on the basis that the remedy at law is inadequate, however, the remedy of conditional cancellation is preferred. H. Williams and C. Meyers, *Oil and Gas Law*, § 834, pp. 247-248 (1984). The first case in which this court dealt with conditional cancellation was *Poindexter* v. *Lion Oil Refining Co.*, 205 Ark. 978, 167 S.W.2d 492 (1943), in which we reversed the chancellor's refusal to cancel but ordered a six-month period to allow development.

There was no question that a breach justifying immediate cancellation had occurred, but we allowed the six-month period because it was a case of first impression on the implied covenant of reasonable development, and fairness to the lessee required the delay. Then in *Smart* v. *Crow, supra*, a lessor sought cancellation of an oil and gas lease on four ten-acre tracts. The chancellor found there had been reasonable development on two of the tracts and gave the lessees sixty days to begin drilling on the third tract and twenty days after drilling commenced on the third tract to drill on the fourth tract. On appeal the lessor argued that there should have been immediate cancellation. The lessee did not appeal the conditional cancellation. We held it was reasonable for the chancellor to decline immediate cancellation and said ". . . it is not inequitable to allow them the time prescribed by the [c]hancellor to commence wells on the two ten acre tracts. . . ." In *Arkansas Oil and Gas, Inc.* v. *Diamond Shamrock Corporation*, 281 Ark. 207, 662 S.W.2d 824 (1984), the lessor appealed the chancellor's refusal to order immediate cancellation, and we affirmed. We recited that the chancellor found the lessee was not in default, but we then concluded it was not error to enter a conditional cancellation as opposed to an immediate cancellation. No issue was raised by the lessee contesting the conditional cancellation, so once again we were not asked to decide whether a lessee not yet in default could be ordered to drill or forfeit within a stated period.

In none of those cases were we directly confronted with the question whether the chancellor must find a breach of the implied covenant for reasonable development as a predicate for conditional cancellation. Cases from other jurisdictions demonstrate that conditional cancellation should be ordered when a breach of the implied covenant of reasonable development is found. *See Amerada Petroleum Co.* v. *Doering*, 93 F.2d 540 (5th Cir. 1937); *Slaughter* v. *Cities Service Oil Co.*, 660 S.W.2d 860 (Tex. Civ. App. 1983); *Rush* v. *King Oil Co.*, 220 Kan. 616, 556 P.2d 431 (1976); *Vickers* v. *Vining*, 452 P.2d 798 (Okla. 1969). We have found no case in which a conditional cancellation has been ordered absent the finding of a present breach of the implied covenant of reasonable development where the issue on appeal was the propriety of the conditional cancellation.

A good reason for ordering conditional rather than

absolute cancellation upon finding a breach of the covenant is that the question of reasonableness of development is a difficult one, generally approached *ad hoc*. H. Williams and C. Meyers, *Oil and Gas Law*, § 832.2 (1984). Equity need not give all or nothing relief and may impose conditions with respect to the remedy awarded. *State of Arkansas* v. *Cate*, 236 Ark. 836, 371 S.W.2d 541 (1963). While it may be said that implicit in the chancellor's order of conditional cancellation is a finding that the appellants will have breached the implied covenants of reasonable development if they do not commence drilling before February 5, 1986, neither we nor the chancellor could know what conditions will prevail on that date. The decree presumably speculates that all conditions will be the same as on the date the decree was rendered. While this sort of decree might be a salutary time saving device if the speculation proves correct, we are unwilling to place on these appellants the burden of coming back to the court to demonstrate they are not in breach of the implied covenants next year. Until they are found to have done something wrong, no remedy should be imposed.

Modified and affirmed.

PURTLE, J., not participating.